## VOLZ v. STEINER.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. CONTRACTS—PURCHASE OF LAND—DEFECT OF TITLE—EASEMENT.

    Where the wall of a substantial building on a lot projects 2½ inches over the line of another's land, such projection is not ground for refusing to comply with a contract to purchase the lot, where the owner has procured a deed from the adjoining owner of the right to use such 2½ inches so long as such building shall stand.

2. SAME—MORTGAGE—EJECTMENT—LIMITATIONS.

    Plaintiff, owning a city lot, contracted to convey it to the defendant. The lot was covered by a substantial building, the wall of which projected 2½ inches over the adjoining lot. The owner of the adjoining lot conveyed to plaintiff an easement to maintain such wall so long as the building should stand. At the time of such conveyance the adjoining lot was incumbered with a mortgage. *Held*, under Code Civ. Proc. § 1499, providing that where, in any city, the real property consists of a strip of land not exceeding six inches in width, upon which there stands the exterior wall of a building erected partly on said strip, and a building has been erected on the land of the plaintiff abutting on said wall, no action to recover such strip shall be maintained unless commenced within one year after the completion of said wall, that the existence of such mortgage does not furnish an excuse to defendant for refusal to comply with his contract to purchase.

3. SAME—LENGTH OF STRIP.

    Under Code Civ. Proc. § 1499, limiting an action to recover the possession of a strip of land less than six inches wide on which is standing part of the wall of a building constructed on an adjoining lot to one year after the wall is completed, such action cannot be maintained after the time limited, though the strip covered by such wall does not extend the full length of the lot.

4. SAME—ACTION FOR DAMAGES—PURCHASER AT FORECLOSURE SALE.

    It is no sufficient ground for refusing to accept title to a city lot that the side wall of a building thereon projects 2½ inches on an adjoining lot covered by a mortgage, and that, if title is accepted at the time when it is to be closed by the contract, the purchaser will be subjected to liability in damages, it appearing that the adjoining lot owner had deeded an easement in the strip occupied by the wall to the vendor, and that a purchaser at foreclosure sale could not acquire title in time to maintain an action.

5. SUMMONS—PUBLICATION—ORDER.

    An order in a partition suit for the publication of the summons granted at special term, and signed with the initials of a justice of the supreme court, with a direction to enter, is sufficient.

Appeal from special term, New York county.

Action by John Volz against David Steiner. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph F. Daly, for appellant.
Emanuel J. Myers, for respondent.

INGRAHAM, J. This action was brought for the specific performance of a contract to convey real property, and by the pleadings the single question as to whether the plaintiff, at the time the contract was to be completed, had a marketable title to the premises Nos. 233 and 235 East Ninety-Fifth street, in the city of New York, which, by the contract, the plaintiff had agreed to convey to the defendant, is presented. The contract involved an exchange of real property. The defendant agreed to convey to the plaintiff certain property on the corner of Eighty-Eighth street and Lexington avenue, subject to certain mortgages, and the plaintiff to convey to the defendant two lots or parcels of land with the buildings and improvements thereon on the northerly side of Ninety-Fifth street, 100 feet west of Second avenue, and a piece of property on the southerly side of Seventy-Seventh street on the corner of Avenue A, subject to certain mortgages; the plaintiff to pay to the defendant, in addition to said conveyances, the sum of $6,000 in cash. The contract was to be performed on the 30th of August, 1900, and on that day the parties met. The plaintiff tendered to the defendant conveyances of the three pieces of property which, by the contract, he was to convey, and the amount to be paid in cash. The defendant refused to accept these deeds, on the ground that the title to the Ninety-Fifth street property was not marketable; counsel for the defendant stating at the time of the refusal to accept that "we raise no question whatever as to the other property, outside of the Ninety-Fifth street property." The answer of the defendant denies the allegation that the plaintiff tendered the title to the premises that he was bound by the contract to convey, in that the plaintiff failed to execute, acknowledge, and deliver to the defendant the proper deed "containing a general warranty, and the usual full covenants for the conveying and assuring to the said defendant the fee simple of the premises Nos. 233 and 235 East Ninety-Fifth street, in the city of New York"; that the premises Nos. 233 and 235 East Ninety-Fifth street, mentioned in the said agreement Exhibit A had and have thereon a substantial building or buildings, which formed a material part of the consideration of said agreement, and the inducement to making the said agreement; that since the making of said agreement the defendant has discovered that the said premises Nos. 233 and 235 East Ninety-Fifth street are incumbered by the existence of an encroachment of the easterly wall of the building No. 235 East Ninety-Fifth street upon the premises adjoining on the westerly side, and belonging to a person other than the plaintiff, to the extent of about 100 feet 8½ inches in depth by 2¼ inches in

width, without right or title to or interest in the land upon which such encroachment stands; and that there are numerous other defects and encroachments of various kinds which will appear upon the surveys of the said premises; and that the existence of said encroachment constitutes an incumbrance upon the said title, and materially affects the market value of the premises, and constitutes such an incumbrance thereon that the defendant will not acquire a marketable title under the deed tendered by the plaintiff by reason of such encroachment.

The issue thus presented by the pleadings was limited entirely to an encroachment of the building erected upon the Ninety-Fifth street property of $2\frac{1}{2}$ inches. By the contract the plaintiff agreed to convey to the defendant all those two certain lots, pieces, or parcels of land, with the buildings and improvements thereon erected, and bounded and described as follows:

"Beginning at a point on the northerly side of Ninety-Fifth street, distant one hundred (100) feet westerly from the corner formed by the intersection of the northerly side of Ninety-Fifth street with the westerly side of Second avenue; thence running northerly, and parallel with Second avenue, one hundred (100) feet eight and a half ($8\frac{1}{2}$) inches to the center line of the block; thence westerly along said center line, and parallel with Ninety-Fifth street, fifty (50) feet; thence southerly, and again parallel with Second avenue, and part of the distance through a party wall, one hundred (100) feet eight and a half ($8\frac{1}{2}$) inches to the northerly side of Ninety-Fifth street; and thence easterly along the northerly side of Ninety-Fifth street fifty (50) feet, to the point or place of beginning,—be the said several dimensions more or less, said premises being known as Nos. 233 and 235 East Ninety-Fifth street."

It is not disputed but that the plaintiff had a good title to the land included within this description, the defendant's claim being that the easterly wall of the building No. 235 East Ninety-Fifth street encroached upon the land to the east $2\frac{1}{2}$ inches. The deed tendered by the plaintiff to the defendant conveyed the premises according to the description contained in the contract, but did not purport to convey the fee of the $2\frac{1}{2}$ inches upon which the easterly wall of the building encroached. Upon the record the evidence sustained a finding that such an encroachment existed, and that $2\frac{1}{2}$ inches of the easterly wall of the building which the plaintiff in his contract was to convey to the defendant was erected upon land to which the plaintiff had no title, and which the plaintiff did not purport and was not able to convey to the defendant. We will assume that this encroachment was a defect in the title which would justify the defendant in refusing to accept the conveyance, and that upon the tender of a deed for the 50 feet of land the defendant was not bound to take title where a building that was erected upon the property to be conveyed, which was a permanent structure, and an important part of the consideration for the contract, encroached upon the adjoining property, to which the vendor had no title. In determining what is necessary to cure such a defect in the title, it is quite essential to bear in mind the distinction between a case where there is an encroachment of an adjoining building upon the property to be conveyed, thus preventing the vendor from conveying

and giving the possession of all the property that he was bound to convey, and a case where the objection is that, although the vendee obtains all of the land that he was to obtain, a portion of the building is erected upon the land of another, which may subject the vendee to litigation which would compel him to remove a portion of the building which he has purchased. In this latter case it is not a failure of title of the land contracted to be conveyed, but a failure to convey the legal right to maintain the building as it exists upon the property, by reason of the fact that a portion of that building is upon land to which the vendor has no title, and which the owner could be compelled to remove. Where the title to a portion of the land fails, there, of course, the vendee has a right to reject the title. Where, however, the objection is that a portion of the building is erected upon land the title to which the vendee is not entitled to under the contract, if at the time of the closing there was a valid agreement with the owner of the adjoining land which was encroached upon by the erection of the building to be conveyed by which the vendee would be entitled to maintain the building as it then existed, it would seem to be quite clear that the vendee would not be justified in refusing to accept title, as by the conveyance he would receive all that he was entitled to under the contract, for he would obtain all the land that was to be conveyed, and the building upon the land, with the right to maintain such building as it then existed.

It appears from the evidence in this case that at the time the parties met to complete this contract the plaintiff tendered a conveyance which conveyed a good title to the defendant of the lands which, by the contract, he was to convey. The vendee refused to accept that deed upon the ground that the plaintiff's building encroached 2½ inches on the adjoining land. No other objection was then made to the title, and that is the only objection made to the title in the defendant's answer. With the deed tendered conveying the land included in the descriptions contained in the contract there was at the same time tendered an indenture executed by Johannes M. Johansen and Anna F., his wife, dated and executed on the 29th day of August, 1900, and recorded in the office of the register of the county of New York on August 30, 1900, which, after reciting that Johannes M. Johansen is the owner in fee simple of premises known as No. 237 East Ninety-Fifth street, city of New York; that the said premises commence at a point on the northerly side of said street distant 75 feet westerly from the northwesterly corner of Second avenue and Ninety-Fifth street, and that John Volz (plaintiff) is the owner of the premises known as No. 235 East Ninety-Fifth street westerly adjoining the premises first described; that it is alleged that the building and fence, together with the wall beneath said fence, on the easterly line of said premises No. 235 East Ninety-Fifth street, slightly encroach upon the premises first above described, but not exceeding 2½ inches in any place; and that said John Volz (plaintiff) has requested that the said building, fence, and wall be permitted to remain as now constructed as long as the present structures exist,—provided:

73 N.Y.S.—64

"Now, this indenture witnesseth that the said Johannes M. Johansen and Anna F., his wife, for and in consideration of the sum of one dollar, to them in hand paid by said John Volz, doth hereby grant and release unto the said John Volz, his heirs and assigns, forever, the right to the use and occupation of so much of the said premises 337 East 95th street, as may be now occupied and covered by the building, fence, and wall aforesaid, not exceeding two and one-half inches at any point, if such encroachment there be, for and during the period of the existence of said structures as they now stand."

When this instrument was submitted to the defendant at the time of closing, his counsel refused it on the ground that it was not sufficient, and the title was then rejected on the ground that it was not at that time a marketable title.

The question, then, presented is whether this deed and this agreement or indenture executed by the owner of the adjacent property would convey to the defendant a marketable title. Counsel for the defendant, upon the trial below and upon this appeal, presented two objections to this instrument. The first is that there was a mortgage upon the premises adjoining the property in question on the east, and that this instrument was not executed by the mortgagee; and, second, that by the instrument, in case the building upon the property adjoining on the east were removed or destroyed, the right there granted would terminate. We think that this last objection is not valid. By it the owner of the property upon the east grants and releases to the plaintiff, his heirs and assigns, forever, the right to use and occupy so much of the premises as were then occupied and covered by the building, fence, and wall aforesaid for and during the period of the existence of the said structures as they now stand. The structures there referred to are the building, fence, and wall aforesaid. They are the only structures recited in the agreement, and by it the owner of the premises granted to the plaintiff the right to use and occupy the premises so long as those structures (namely, the building, fence, and wall) existed. There is nothing in this grant that could limit the right of the plaintiff to continue to occupy the 2½ inches during the continued existence of the building upon the grantor's premises. The building upon the grantor's premises was not specified in the instrument, and such a building had no relation to the grant. Nor do I think the other objection is well taken. It is true that the mortgage covered this 2½ inches, and it is equally true that the mortgagee would not be bound by this covenant or grant. There was presented the remote contingency that, if the owner of the property adjoining on the east failed to pay the mortgage, if the mortgage should be foreclosed, and the purchaser at such foreclosure sale should acquire the whole title to the mortgaged premises, having made the owner of the premises to be conveyed by the plaintiff a party, the fee of this 2½ inches of land would vest in the purchaser at such sale free from the obligations or rights covered by this grant. But we are now dealing with an objection to the title which was sufficient to make this title unmarketable at the time of the conveyance. It is not contended that this mortgage was then being foreclosed, and the mortgagee had simply a lien upon the premises. The utmost that

can be said to impeach this grant is that it was subject to such a lien. The grantors in this grant were estopped from commencing any action or proceeding to interfere with the plaintiff's or his grantee's right to maintain this building upon the premises in question, and from commencing any action for damages against either the plaintiff or his grantee. As a practical question, could any person who acquired a title to this 2½ inches under the foreclosure of this mortgage upon the premises have maintained any action to recover the possession of such 2½ inches, or for damages by reason of the erection of this wall upon the said property? So far as commencing any action to recover such property is concerned, that question is set at rest by section 1499 of the Code of Civil Procedure. It is there provided that an action to recover possession of premises cannot be maintained "where in any city the real property consists of a strip of land not exceeding six inches in width, upon which there stands the exterior wall of a building erected partly upon said strip and partly upon the adjoining lot, and a building has been erected upon land of the plaintiff abutting on the said wall, unless said action be commenced within one year after the completion of the erection of such wall, or within one year after the first day of September, eighteen hundred and ninety-eight." If this section is valid as not violating any provision of the constitution, it is perfectly apparent that no action could be maintained by any person who should acquire title to this property through a foreclosure of the mortgage. The building having been erected prior to the passage of this act, the time limited within which an action to recover possession of this strip of land could be commenced expired on the 1st day of September, 1899, prior to the execution of the contract. This provision is in the nature of a limitation of the right to commence an action. It limits the time within which a purely technical right to recover possession of a small strip of land upon which an adjoining building encroached, and I can see no reason why such a provision is not valid. No property is taken, and no right is destroyed, except so far as all statutes of limitations destroy a right of recovery where an action to enforce the right is not commenced within a specified time. Counsel for the defendant also objects to the operation of this statute upon the ground that the building upon the premises adjoining on the east did not extend the whole length of the lot, but that 15 feet of the building upon the plaintiff's land extended beyond the building erected upon the premises on the east; but there is nothing in the statute which limits its effect to a case where both buildings extend the same depth. The section of the Code provides that an action of ejectment cannot be maintained where there stands upon a strip of land not exceeding six inches in width the exterior wall of a building erected partly upon said strip; that is, a strip less than six inches, and partly upon the adjoining lot. That condition certainly exists in this case. A building has been erected by the owner of the land upon which the plaintiff's building encroaches, abutting upon the wall of the building erected upon the plaintiff's premises. It is not made a condition that both buildings should be exactly of the

·same depth, but where there is such an encroachment, and the owner of the lot upon which it exists has, by erecting a building upon his lot, practically located the line between the two pieces of land, in such case the owner of the land encroached upon must commence an action within one year after the encroachment, or lose his right to maintain such an action.

Counsel for the defendant also objects upon the ground that, as this title was to be closed upon the last day of the time within which an action for damages could be commenced, such an action might have been commenced, and therefore the defendant was not bound to subject himself to such a liability. But there is nothing in such an objection, for, in the first place, the owners of the land on the east—the only ones who could commence such an action—had by their grant given the plaintiff the right to maintain the building. They certainly could not, in the face of that·grant, have commenced an action for damages on account of the erection of the wall. Neither could the mortgagee have maintained such an action, ·as he was not damaged by the erection of the building or the encroachment; and, as no foreclosure was pending, the year would elapse long before a purchaser at a sale on a foreclosure of this mortgage could obtain title. A mere fanciful objection, or one which presents no possibility of substantial liability, is not sufficient; and I think that the plaintiff, on the day named in the contract, tendered a marketable title.

Upon the trial, counsel for the defendant also claimed that the title was insufficient because of an irregularity in obtaining an order for service by publication of the summons on certain defendants in a partition suit in which this Ninety-Fifth street property was sold. But, in the first place, no such objection was taken to the title at the time of closing, nor is such objection specified in the answer. It does not appear that the defendants thus served had any substantial interest in the property which would render the title thereto unmarketable if they had not been parties to the action. What their interest in the property actually was does not appear. It would seem, however, that the order was sufficient. It complied with the provisions of the Code, and was granted by a justice of the supreme court; and it is now settled that the fact that the order had a caption apparently showing that it had been granted at the special term, and was signed with the initials of the judge, with a direction to enter, does not make it any the less the judge's order, within the provisions of the Code. It is also said that the affidavit upon which this order was granted was not sufficient to give the judge jurisdiction, but we think it sufficient, presenting evidence to the judge granting the order of the facts required by the Code which justified him in exercising his judicial discretion. There seems also to be a statement by a witness that the affidavit of service under this order was not sufficient, but the decree entered recites the fact that these defendants named were actually served, and there is nothing in the record to show that the order was not substantially complied with.

We think, therefore, that there was no evidence to justify a finding of the learned trial judge that the title tendered by the plaintiff

was not marketable, and the judgment should be reversed, and a. new trial ordered, with costs to the appellant to abide the event.. All concur.