(102 App. Div. 44.)

KLIM v. SACHS.

(Supreme Court, Appellate Division, Second Department. February 15, 1905.)

1. VENDOR AND PURCHASER—CONTRACT OF SALE—RESCISSION—ENCROACHMENTS.
   Encroachments on the street of 16 and 17 inches by the show windows of two buildings erected on premises contracted to be sold did not constitute substantial encroachments, justifying the vendee in refusing to accept the title.

2. SAME.
   Where adjoining buildings encroached from 1 to 3½ inches on the property contracted to be sold, the vendee was entitled to reject the title.
   [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 207.]

3. SAME—EARNEST MONEY—COSTS—RETURN.
   Where a vendee rescinded a contract of sale for encroachments of adjoining property on that contracted to be sold, he was entitled to a return of the deposit made on the sale, and also to recover the reasonable expense incurred in making a search of the title and obtaining a survey of the property.

4. SAME—LIEN.
   The vendee, not having taken possession of the property, was not entitled to have the property impressed with a lien for the return of such deposit and expenses.

Appeal from Special Term, Kings County.
Action by Solomon Klim against Rachel Sachs. From a judgment in favor of plaintiff, defendant appeals. Modified.
Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Jacob J. Lesser, for appellant.
M. H. Newman, for respondent.

WILLARD BARTLETT, J. The defendant, being the owner of the premises known as 89 Throop avenue, in the borough of Brooklyn, entered into a written agreement with the plaintiff whereby the plaintiff agreed to purchase the property for the sum of $9,800, and the defendant agreed to convey the same by a full-covenant warranty deed, free of all incumbrances except three certain mortgages specified in the agreement. The plaintiff paid to the defendant $300 on account of the purchase price specified in the contract, but when the time arrived for passing the title the plaintiff refused to accept the deed tendered by the defendant on the ground that the title was unmarketable because of certain encroachments of adjoining buildings thereon, and because the buildings on the property to be conveyed themselves encroached upon the street. Upon these facts, and the further allegation that he had incurred an expense of $75 for examining the title to the premises and obtaining a survey thereof, the plaintiff brought this action, in which he demanded judgment that, if it were decreed by the court that the defendant had a good and marketable title, she should be compelled to specifically perform the terms of her contract, but that, if it were decreed that she had not such title, the plaintiff have judg-

ment against her for $375, and that said judgment be impressed as
a lien upon the defendant's land as described in the contract. The
learned judge at Special Term found that the defendant could not con-
vey a good and marketable title on account of the encroachments and
intrusions which existed on the premises, and on the street in front
thereof, and thereupon rendered judgment in favor of the plaintiff in
accordance with the prayer of the complaint.

The evidence upon the trial showed encroachments upon the street
of 16 and 17 inches by the show windows of the two buildings erected
on the premises. Counsel for the respondent, however, concedes that
these encroachments cannot be deemed substantial, under the decisions
in Volz v. Steiner, 67 App. Div. 504, 73 N. Y. Supp. 1006, and Webster
v. Kings County Trust Co., 145 N. Y. 275, 39 N. E. 964. It was also
made to appear by the survey which was put in evidence that the build-
ings themselves, irrespective of the show windows, encroached upon
the street from 1½ to 5 inches, and it is contended that such latent
encroachment rendered the title to the property unmarketable, under
the decision of the General Term of the New York Superior Court in
Smithers v. Steiner, 13 Misc. Rep. 517, 34 N. Y. Supp. 678. However
this may be, the further uncontradicted proof, showing that the adjoin-
ing buildings encroached from 1 to 3½ inches upon the property con-
tracted to be sold, justified the vendee in rejecting the title. See opin-
ion of Ingraham, J., in Volz v. Steiner, 67 App. Div., on page 508, 73
N. Y. Supp. 1006. The trial court was therefore right in adjudging
that the plaintiff was entitled to the return of the $300 deposit, and to
recover the $75 claimed as a reasonable expense incurred in making
the search and obtaining the survey.

The judgment rendered, however, was erroneous in so far as it
impressed this sum, together with the interest and costs, as a lien
upon the premises which were the subject of the contract. The cases
relied upon by the respondent as sustaining this procedure were cases
in which the vendees, under an agreement to sell, had taken actual pos-
session of the land, and were held to be entitled to an equitable lien
on the premises for the moneys expended in improvements thereon.
King's Heirs v. Thompson, 9 Pet. 204, 9 L. Ed. 102; Gibert v. Peteler,
38 N. Y. 165, 97 Am. Dec. 785. No lien exists, however, in behalf
of a purchaser, under the circumstances disclosed by the evidence in
this case.

The judgment should be modified by striking out all that portion
thereof which relates to the alleged lien and its foreclosure, and, as
thus modified, should be affirmed, without costs of this appeal to
either party. All concur, except HOOKER, J., not voting.