(53 Misc. Rep. 6)

KRAININ v. COFFEY.

(Supreme Court, Special Term, Kings County. February, 1907.)

LIS PENDENS—CANCELLATION.
  Plaintiff sued to recover a deposit made on a contract for the purchase of real estate, together with expenses of searching title, but alleged no facts showing that he had not a full and adequate remedy at law. Held, that a lis pendens filed in the action would be canceled.

Action by Julius Krainin against Benjamin J. Coffey. Motion to cancel lis pendens. Granted.

J. G. Abramson, for plaintiff.
Alexander A. Forman, Jr., for defendant.

KELLY, J. I do not find any allegation in the complaint justifying a notice of lis pendens. The plaintiff does not ask for specific perform-

ance.  He does not want the property.  He says the title is unmarketable.  There are encroachments, and as to part of the property defendant has no title.  There are no facts alleged or suggested showing why resort is had to equity.  Plaintiff did not enter into possession.  He does not allege that he has not full and adequate remedy at law.  This method of refusing to take title, and then tying up the real estate by a lis pendens, without any facts showing plaintiff's right to resort to equity, or that plaintiff has not full and adequate remedy at law, is a branch of litigation which has lately become very marked in its development in the courts.  It leads to injustice and oppression, and, under the authority of Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107, in this department, I think it is improper, and should not be countenanced.

Motion granted.