(119 App. Div. 516)

### KRAININ v. COFFEY.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

LIS PENDENS—ACTIONS AFFECTING REAL ESTATE.

> One who has a contract for purchase of real estate, but has not been let into possession, has no lien on the land, on the vendor being unable to give good title, for money paid on the price and in examining title; and so, in a suit to enforce such an alleged lien, there is no right to a lis pendens, the filing of which is permitted by Code Civ. Proc. § 1670, only in an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real estate.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lis Pendens, § 9.]

Appeal from Special Term, Kings County.

Action by Julius Krainin against Benjamin J. Coffey. From an order canceling a lis pendens (103 N. Y. Supp. 976), plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

Joseph C. Abramson, for appellant.

C. Arthur Coan, for respondent.

GAYNOR, J.   This is claimed by the plaintiff to be a suit to enforce an equitable lien on real estate.   The complaint is that the defendant made a written agreement to convey to the plaintiff on a day named a lot of land; that the plaintiff paid $500 of the purchase price on the making of the contract; that on the contract day the defendant was and ever since has been unable to convey a good title; that it cost the plaintiff $175 to examine the title; and that by reason of these facts the plaintiff has an equitable lien on the land for $675.   Specific performance is not prayed for, but only the foreclosure of this lien.

There is no such lien legally or equitably.   A vendee of real estate who has not been let into possession under the contract has no lien. There is no such head of equity.   Reference to any text-book on equity shows this; and we are not without a decided case on the point. Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107.   The order cancelling the lis pendens was therefore well granted.   It is true that the language of some opinions (Lindheim & Co. v. Central Const. Co., 111 App. Div. 275, 97 N. Y. Supp. 619) to the effect that the court will not search the complaint as on a demurrer to see whether the case be one for a lis pendens, is very large, but it has its limitation. The filing of a lis pendens is permitted only "in an action brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property."   Code Civ. Proc. § 1670.   On a motion to cancel the lis pendens the complaint must certainly be looked into, and with all the scrutiny necessary, to see whether the action be of this kind.   If the facts alleged in the complaint are not sufficient to make it such an action, the prayer for relief cannot make it such.   If, for instance, the action be on a promissory note, the prayer for relief cannot turn it into one brought to get a judgment of lien upon or affecting the title to real property.

The order should be affirmed.

Order affirmed, with costs and disbursements.   All concur.