(121 App. Div. 272)

REYNOLDS v. WYNNE.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

VENDOR AND PURCHASER—UNMARKETABLE TITLE—ENCROACHMENTS.

Where a contract provided for the conveyance of certain city property clear of incumbrance, but a brick building on adjoining property encroached upon the premises in question 3 inches in front and 1½ inches in the rear for a distance of 36 feet back from the street, the title was rendered unmarketable, and a rejection of the title by the purchaser was justified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 255.]

Gaynor and Woodward, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by Patrick J. Reynolds against Margaret F. Wynne. From a judgment of the Special Term in favor of defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Cyrus V. Washburn (George W. Sickels, on the brief), for appellant. William J. McArthur, for respondent.

RICH, J. The relief sought in this action was the specific performance of a land contract, with deductions from the purchase price for alleged violation filed by the department of health, or, if the defendant could not convey a good title in accordance with her contract, for judgment for a payment of $100 made upon the contract at the time of its execution and $100 expenses incurred in examination of the title and a survey of the premises.

The contract provides that the defendant would convey the premises known as "No. 375 Baltic Street," Brooklyn, its dimensions being 25 by 100 feet, "free and clear of incumbrance and violations." The learned trial justice found upon undisputed evidence that on the day fixed for the passing of title the plaintiff informed the defendant that the records of the department of health of the city of New York disclosed certain violations existing against the premises, and that there were encroachments thereon, and refused to accept the title tendered on those grounds. He found, however, as matter of law, that such encroachments did not constitute an incumbrance or defect of title, and that the contract of sale was not sufficient to cover the violation filed by the department of health, and, while the reasonable cost and expense of complying with the requirements of such department was $475, refused to make an allowance for the same, and directed the delivery of a deed upon payment of the remainder of the full contract price, and that, if the plaintiff failed to accept such deed and make such payment on a day specified, his complaint be dismissed.

In the view we take of the case, it is unnecessary to consider the alleged violations or their effect upon the legal rights of the parties. It is undisputed that a brick building on adjoining property encroaches upon the premises agreed to be conveyed 3 inches at its front on the

street line and 1½ inches at its rear, a distance from the street of 36 feet; that the survey exhibited to defendant, upon which plaintiff based in part his refusal to accept the title, disclosed this fact. We think this rendered the title unmarketable, and justified the plaintiff in rejecting the title. Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107.

The judgment must be reversed, and a new trial granted; costs to abide the event.

JENKS and HOOKER, JJ., concur.

GAYNOR, J. (dissenting). I think the learned trial judge decided this case with scientific discrimination, and correctly. The complaint prays for specific performance, but that an allowance, or abatement of the contract price, be made for the small encroachment, and for an alleged health violation. But there was no evidence of the value of the strip encroached upon, or of the diminution of the value of the lot thereof. The trial judge correctly ruled that in the absence of such evidence he could not fix any amount in abatement. The other objection to the title was that an anonymous complaint had been made to the health board that a nasty smell came from a privy vault, and that an ex parte order was made therein by the clerk of the board of health that the vault be emptied and filled, and that a water-closet be substituted. The trial judge ruled that the contract of sale did not cover the so-called health violations, and was in this right. The contract is in so many words merely that the sale shall be "free and clear of incumbrances and violations." There is no evidence to show what this obscure word "violations" means; nor is there any evidence that there was a violation of any health law. The anonymous communication was not evidence, nor was the ex parte order of the health board clerk.

Judgment of specific performance was given, but without any abatement, and I recommend affirmance. The Special Term of the Supreme Court is filled with suits like this, and attorneys who bring them should try them scientifically. Most of them are purely technical and vexatious.

WOODWARD, J., concurs.