KAPLAN v. BERGMANN et al.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

VENDOR AND PURCHASER—RESCISSION BY PURCHASER—DEFECT IN QUANTITY.

Under a contract to convey premises described as being 31 feet 9 inches in front and rear, and 75 feet in depth on each side, where a survey showed an encroachment of a building of 5½ inches at the northeast corner, extending easterly, constantly growing less until it ran out at a point 19 feet and 11 inches from the corner, it was a substantial objection to the title tendered that vendors had no title to the portion included in the gore.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 255–258.]

Appeal from Kings County Court.

Action by Joseph Kaplan against Morris Bergmann and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Robert H. Roy, for appellant.

Henry Hetkin, for respondents.

RICH, J. This is an action brought to recover money paid as a deposit pending passing of title and expenses incurred in an examina-

tion of the vendors' title. , The learned trial court found the facts in accordance with plaintiff's contention, but found as matter of law that the objections raised by plaintiff to defendants' title were insufficient in law to entitle him to refuse performance of the contract, and that the defendants were able to convey the title to the premises mentioned therein according to the terms thereof.

In this conclusion the trial court was in error. By the terms of the contract, the defendants undertook and agreed to convey to plaintiff the absolute fee of "premises known as 897-9 Myrtle avenue, dimensions of land being thirty-one (31) feet nine (9) inches in front and rear and seventy-five (75) feet in depth on each side, subject to state of facts shown on survey of Fred Thomas, dated Feb. 2/04." The survey referred to disclosed that a buiding on adjoining property encroached on the rear easterly side of the land described in the contract 5½ inches at the northeast corner, extending easterly, constantly growing less until it run out at a point 19 feet and 11 inches from such corner. The defendants had no title to the land included in this gore, and could not give absolute title to it, subject to the encroachment of the building, as they had contracted to do. The rule is well settled that an encroachment to an extent less than the reduction of the area on the lot in the case at bar constitutes a valid reason for rejecting a tendered title. Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107; Snow v. Monk, 81 App. Div. 206, 80 N. Y. Supp. 719; Place v. Dudley, 41 App. Div. 540, 58 N. Y. Supp. 671; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed without opinion 157 N. Y. 713, 53 N. E. 1133. The reasoning of the court in these cases applies with greater force to the case under consideration, where the only title the defendants could give deprived the plaintiff of the right of ownership, as well as of possession, of the land included in the gore. The defendants' inability to convey to the plaintiff, as they had contracted to do, an absolute fee of the land described in the contract, subject to the encroachment shown by the survey, constituted a substantial objection to the title, which plaintiff had the right to avail himself of by refusing to accept the title tendered.

The judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.