### REYNOLDS v. WYNNE.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. PLEADING—COMPLAINT—AMENDMENTS—CHANGE OF CHARACTER OF ACTION.

A complaint asked for specific performance of a contract to convey real estate, with an allowance for an encroachment or for damages. After a judgment adjudging that the purchaser was not bound to take the premises because of the encroachment, plaintiff asked leave to file an amendment to the complaint, averring his willingness to cancel the contract on a repayment of the deposit and on the payment of the expenses of examining title. *Held*, that the allowance of the amendment did not change the character of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 710–729.]

2. JURY—WAIVER.

A defendant in a suit for the specific performance of a contract to convey real estate, who objected to an amendment to the complaint averring plaintiff's willingness to cancel the contract on the repayment of the deposit on the contract and the payment of the expenses of examining title, and who excepted to the allowance of the amendment without raising the question of his right to a trial by jury and who proceeded with the trial before the judge waived his right to a trial by jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 176–196.]

Appeal from Special Term, Kings County.

Action by Patrick J. Reynolds against Margaret F. Wynne. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Wm. J. McArthur, for appellant.

Cyrus V. Washburn (George W. Sickels, on the brief), for respondent.

WOODWARD, J. This is the second appearance of this case in this court. Upon a former appeal (121 App. Div. 272, 105 N. Y. Supp. 849) this court held that by reason of the encroachment, conceded to exist, the vendee was not bound to take the premises, and reversed a judgment for specific performance. Upon the second trial the plaintiff's counsel stated that he was willing to cancel the contract upon the payment of the sum of $100, which had been paid as a deposit upon the contract of purchase, and $100 for the expense of examining title, both of these sums to bear interest, making a total of $212, and asked to amend the complaint so as to ask for this relief only; the title being unmarketable. The defendant objected to this amendment, and excepted to the ruling of the court granting the amendment, without stating any grounds, or suggesting that the defendant was

entitled to a trial of the issue by a jury. The complaint originally asked for specific performance, with an allowance for the encroachment, or for damages, and the effect of the amendment was to ask merely for the damages. The amendment did not change the character of the action. It was still for specific performance of the contract, or, in the event of failure to perform, to recover the damages; a jurisdiction clearly belonging to a court of equity. It is true, of course, that it was known practically that the defendant could not perform; that she could not give title to the premises described in the contract free and clear of incumbrances, by reason of a substantial encroachment. But the fact that the defendant could not perform and that the plaintiff was willing to accept a return of his deposit, with expenses, did not change this action to one at law; for the defendant was legally free to comply with her contract and to deliver a good title. It may be that she could not, as a practical matter, do this; but she had the legal right to purchase the portion of the building encroaching upon the premises described, and to convey it to the plaintiff. This is what his contract called for, and the plaintiff had a right to insist either upon the fulfillment of the contract or the recovery of his damages. The defendant conceding that she could not give the title demanded, it was within the right of the plaintiff to waive his demand for specific performance and to ask merely for the return of his deposit, with the costs which he had incurred; and under the provisions of section 723 of the Code of Civil Procedure it has been held that an amendment might be made, even though it entirely changed the cause of action, where the result sought to be reached is the same. Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81.

But, even were there doubt about the character of the action after the amendment, the defendant did not raise the question of her right to a trial by jury. She simply objected and took an exception to the ruling, proceeding with the trial. She did not claim to have been surprised, and under such circumstances we are of opinion that the defendant must be deemed to have waived her right to a trial by jury. She appears to have been in the same position as the defendant in the case of Greason v. Keteltas, 17 N. Y. 491, where upon an action for the specific performance of a covenant, or for damages, the evidence disclosed facts warranting damages, but not for specific performance. The trial was commenced before a judge, without a jury, no objection being made, and it was held that this constituted a waiver of the right to a trial by jury, and a judgment for damages was sustained. See Baird v. Mayor, 74 N. Y. 382. The defendant's objection here was not to the mode of the trial, but to the amendment of the complaint; and we, as we have already pointed out, the amendment merely recognized the situation, and proposed to waive the right to specific performance, and to ask only for the damages.

The judgment appealed from should be affirmed, with costs. All concur.