MAX FEINGOLD et al., Plaintiffs, *v.* JOSEPH E. MARX Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 19, 1947.

*Lester M. Friedman* and *Sidney S. Hodes* for plaintiffs.

*Emily Marx* for Joseph E. Marx Co., Inc., defendant.

*Martin J. Desmoni* for Joseph Pariante and others, defendants.

HOFSTADTER, J. Motion is made by the corporate defendant under rule 107 of the Rules of Civil Practice to dismiss the first and second causes of action on the ground that these are barred by the Statute of Limitations contained in section 992

of the Civil Practice Act, and further, under rule 106 to dismiss the third and fourth causes of action on the ground that they do not state facts sufficient to constitute a cause of action against the moving defendant.

The first and second causes of action seek a mandatory injunction to compel the removal of a certain wall, windows and a vent pipe which allegedly encroach upon the rear part of the plaintiffs' premises from one-half to three and one-half inches, and to recover damages for such encroachment. The third and fourth causes of action seek to restrain and enjoin the moving defendant from allegedly committing a nuisance and trespass upon the plaintiffs' premises.

As to the first and second causes of action, the pertinent facts are as follows: The moving defendant is the owner of a lot on West 48th Street [in the city of New York] adjoining a lot owned by the plaintiffs. A building on defendant's lot abuts upon a building on plaintiffs' lot, except for the rear 33 feet of plaintiffs' lot, where plaintiffs' lot is vacant and unimproved.

The applicable portion of section 992 of the Civil Practice Act provides that where a cause of action is predicated upon an encroachment of an exterior wall of a building upon an adjoining lot, and the encroachment does not extend beyond six inches, and a building has been erected upon land of the plaintiff abutting on the said wall, action must be commenced within one year after the completion of the erection of such wall, or if the action is one solely for damages, it must be commenced within two years.

Plaintiffs contend that section 992 is not applicable because the *rear* 33 feet of plaintiffs' lot is vacant and unimproved, so that the encroachment of the moving defendant's building does not abut *entirely* upon a wall of any building erected upon the land of the plaintiffs. Such a narrow construction of section 992 fails to take account of its intent and purpose; it is wholly untenable. I adopt the view expressed in the language of Mr. Justice Ingraham, in *Volz* v. *Steiner* (67 App. Div. 504, 512): " * * * there is nothing in the statute which limits its effect to a case where both buildings extend the same depth. * * * *It is not made a condition that both buildings should be exactly of the same depth;* but where there is such an encroachment, and the owner of the lot upon which it exists has, by erecting a building upon his lot, practically located the line between the two pieces of land, in such case the owner of the land encroached upon must commence an action within one year after the

encroachment, or lose his right to maintain such an action." (Emphasis supplied.) And the cases cited by plaintiffs are, therefore, inapplicable.

The motion to dismiss under rule 107 must be granted.

With respect to the third and fourth causes of action: Paragraphs 32 and 34 of the complaint, alleging the commission of a nuisance, are specifically directed against and limited to the individual defendants, and paragraph 39, alleging trespass upon the plaintiffs' premises, following the reiteration of paragraph 32, appears to be likewise so directed and limited. It is nowhere explicitly alleged that the *corporate* defendant is committing the alleged nuisance or the alleged trespass; the references to " all the defendants ", in other paragraphs, are conclusory in nature and do not constitute such substantive allegations as to the moving defendant.

The motion to dismiss under rule 106 likewise must be granted, with leave to plaintiffs to plead over as against the corporate defendant in respect to the third and fourth causes of action if the plaintiffs be so advised.

Settle order.