■ ROBERT GUNDEL et al., Respondents, v ROBERT GRADY et al., Appellants, and EDWARD T. MCCORMACK, Respondent.—In an action, inter alia, to recover a down payment for the purchase of real property, the defendants Robert and Lisa Grady appeal from so much of a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated August 6, 1990, as, upon granting the plaintiffs' motion for summary judgment, directed the defendants to return the plaintiffs' down payment, with interest, plus the cost of a survey and title examination.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On December 14, 1989, the plaintiff buyers and the defendant sellers entered into an agreement for the purchase a certain parcel of real property. The buyers paid the sellers the sum of $15,480, as a down payment.

The contract provided that in the event that a survey or title search disclosed a condition that rendered the title unmarketable, and the sellers were unable to correct the condition prior to closing, the contract would become null and void, and the sellers would be required to reimburse the buyers for

the costs of title examination and survey, together with any other sums expended by the buyers. In addition, the contract stated that, in the event the sellers were unable to convey such title as any reputable title insurance company which is a member of the New York Board of Title Underwriters would approve and insure, the sellers were required to reimburse the buyers, as stated. The contract also stated that the sellers' driveway was partially on property owned by the sellers' adjoining neighbor, but that the sellers would relocate the driveway prior to closing, so that it would be on the described premises.

The buyers' subsequent survey of the property, dated January 9, 1990, revealed that, contrary to the express representation in the contract, it was the sellers' neighbor's driveway that encroached upon the sellers' property. Moreover, for almost four years the sellers and their neighbors had been litigating the issue of the neighbor's encroachment upon the sellers' property.

As a consequence of the encroachment, the buyers' title company refused to insure the property without an exception to the encroachment. Thereafter, by letter dated February 2, 1990, the buyers rescinded the contract and demanded the return of the down payment as well as the costs of the mortgage application fee and the survey. When the sellers refused to make these payments, the buyers commenced this action against the sellers and the sellers' attorney, as the escrow agent. The Supreme Court granted the buyers' motion for summary judgment and directed the sellers to return the buyers' down payment, with interest, plus the cost of the survey and title examination.

On appeal the sellers argue, *inter alia,* that there existed questions of fact with regard to marketability, and thus the court erroneously granted summary judgment to the buyers. We disagree.

The buyers presented proof that the title company to which they made application for insurance had refused to insure title without exception to an encroachment of which the sellers were fully aware, and which they had concealed from the buyers. Under the circumstances, the buyers were not required to prove that no title company associated with the New York Board of Title Underwriters would insure the title without such an exception (*see, Gilchrest-Great Neck v Byers,* 27 Misc 2d 1078, 1081, *affd* 13 AD2d 1027, *affd* 11 NY2d 911). Rather, in order to defeat the buyers' motion for summary judgment, it was the sellers' burden to demonstrate that a

title insurance company of the class mentioned would insure title, without exception to the encroachment *(see, Gilchrest-Great Neck v Byers, supra; cf., DeJong v Mandelbaum,* 122 AD2d 772, 774). Although the sellers claim that their mortgagee would have granted a mortgage to the buyers and that the sellers' title insurance company would have insured the title, the sellers failed to offer evidentiary proof to substantiate those claims. Therefore, the buyers' motion for summary judgment was properly granted.

An easement providing ingress and egress over the subject property, in favor of an adjoining landowner, is an encumbrance that renders title unmarketable *(see, Equiptex Indus. Prod. Corp. v Paulucci,* 169 AD2d 701; *see also, Rhodes v Astro-Pac, Inc.,* 51 AD2d 656, *affd* 41 NY2d 919). Such an encroachment prevents the seller from "conveying and giving the possession of all the property that he was bound to convey" *(Volz v Steiner,* 67 App Div 504, 508; *DeJong v Mandelbaum, supra,* at 774).

The sellers contend that the encroachment was curable because their litigation with their neighbors had allegedly been resolved based on an agreement between them, by which the sellers and the neighbors would exchange portions of each others' property. The sellers contend that had they been given more time to close, the encroachment would have been eliminated, the conditions corrected, and the property rendered marketable. We reject this argument. Having misrepresented the true state of affairs, and having concealed the existence of an encroachment on to the sellers' property, the sellers may not now satisfy the buyers by conveying a parcel of land that is different from the one described and bargained for, based on an agreement—of which the buyers were kept ignorant—between the sellers and the neighbors.

Because, under the circumstances, the encroachment was not a curable defect, the buyers were entitled to the return of their down payment without a showing of tender or a demand for a cure *(see, Ianelli Bros. v Muscarella,* 30 AD2d 698, *affd* 24 NY2d 779; *Oxford Funding Corp. v James H. Northup, Inc.,* 130 AD2d 722, 723). Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.