■ PAULINE CASELLI et al., Appellants, v JOHN J. MESSINA et al., Respondents, et al., Defendant. [598 NYS2d 265] —In an action for the return of a deposit on a sale of real estate, the plaintiffs appeal, by permission, from an order of the Appellate Term of the Supreme Court for the 2nd and 11th Judicial Districts dated November 19, 1990, which, upon reversing so much of an order of the Civil Court, Kings County (Diamond, J.), entered January 11, 1990, as denied the respondents' motion for summary judgment, granted the respondents' motion for summary judgment and dismissed the complaint, and failed to reverse that part of the order that denied the plaintiffs' cross motion for summary judgment.

Ordered that the order dated November 19, 1990, is affirmed, with costs.

The plaintiffs entered into a contract with the defendants John J. Messina and Donna Messina for the purchase of real estate for $200,000. Pursuant to the contract, the plaintiffs made a $10,000 down payment, held in escrow by the defendant Michael Ajello, who was the Messinas' attorney. However, the plaintiffs later failed to go through with the contract and sought a return of the $10,000 claiming, *inter alia,* that title was unmarketable because of the covenants and restrictions which the property was subject to. The Messinas, through Ajello, refused to return the $10,000.

Despite the plaintiffs' contentions, the Appellate Term properly considered the clause in the contract of sale which stated that the purchaser took the property subject to covenants and restrictions which do not render title unmarketable. Furthermore, the court did not err in holding that the restrictions imposed did not render title unmarketable *(see, Regan v Lanze,* 40 NY2d 475, 481; *DeJong v Mandelbaum,* 122 AD2d 772, 774). Finally, because the plaintiffs defaulted, they are not entitled to a return of the deposit *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373). Thompson, J. P., Eiber, Ritter and Joy, JJ., concur. *[See,* 148 Misc 2d 671.]