■ TAPPAN PROPERTIES, INC., Respondent, v DONTAK PAK et al., Appellants. [609 NYS2d 636] —In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Bergerman, J.), entered April 17, 1992, as, upon an order of the same court dated April 7, 1992, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal amount of $280,092.50.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding damages, as so modified the judgment is affirmed, with costs to the respondent,

and the matter is remitted to the Supreme Court, Rockland County, for a trial on the issue of damages.

The appellant correctly contends that contracts for the transfer of real property are governed by the law of the State where the property is located *(see, James v Powell,* 19 NY2d 249, 256; 19 NY Jur 2d, Conflict of Laws, § 23). Here, the property is located in New Jersey. Therefore, New Jersey law applies.

New Jersey courts apply principles similar to those applied by New York courts when interpreting contract provisions *(see, Northeast Custom Homes v Howell,* 230 NJ Super 296, 553 A2d 387; *Slamow v Del Col,* 174 AD2d 725, 726, *affd* 79 NY2d 1016). Thus, the application of New Jersey law does not affect the decision of the Supreme Court in this case that the defendants wrongfully cancelled the contract of sale.

The contract of sale contains a mortgage contingency clause which provides that the defendants had 45 days from the execution of the contract to make a good faith effort to obtain a mortgage. The last sentence of the clause states, "[i]f this is not done before this deadline * * * either party may cancel this contract." We find that, contrary to the defendants' contention, this clause is clear and unambiguous and that it required the defendants to make some effort to obtain a mortgage before cancelling the contract. Since the defendants cancelled the contract within a few days of its execution and did not even attempt to obtain a mortgage, they wrongfully cancelled the contract.

Similarly, the defendants cannot argue that the physical inspection clause allowed them to cancel the contract upon their receipt of an inspection report indicating, *inter alia,* drainage problems. The physical inspection clause provides that the plaintiff must be given a chance to correct any problems before the defendants may cancel the contract. The defendants did not allow the plaintiff any time to correct the alleged problems.

While the plaintiff is entitled to retain the contract deposit, a factual issue regarding reasonable damages, if any, requires a trial *(see, DeJong v Mandelbaum,* 122 AD2d 772, 775). Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.