■ MARTIN S. KERA et al., Appellants, v MARGARET DeFILIPPO, Respondent. [736 NYS2d 340] —Order, Supreme Court, New York County (Paula Omansky, J.), entered May 30, 2000, which denied plaintiffs' motion for summary judgment on their first cause of action seeking a return of their down payment, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings, including calculation of damages on such cause of action.

In this action seeking, inter alia, a return of plaintiffs' down payment, it was asserted that title to the property was unmarketable and uninsurable. Supporting this assertion, plaintiffs moved for summary judgment, presenting evidence that two surveyors who examined the subject property determined that wooden decks encroached almost 10 feet onto the adjacent property and that the boundary line on the north side of the subject property was eight feet south of where it should have been. In addition, because of the encroachment, the decks violated the side yard and setback zoning ordinances of the Village of

Hastings-on-Hudson. Supreme Court, finding that questions of fact precluded summary judgment, denied the motion. We reverse.

It is well established that a purchaser of real property is entitled to marketable title (*see, Regan v Lanze*, 40 NY2d 475; *Laba v Carey*, 29 NY2d 302). Here, as the encroachments noted by two surveyors plainly demonstrated that title was unmarketable, plaintiffs were entitled to summary judgment and a return of their contract deposit. To the extent that defendant sought to rely on an earlier survey to controvert the opinions of plaintiffs' surveyors, this did not raise a question of fact precluding summary judgment. We note in this regard that plaintiffs' title insurer refused to insure the property without an exception to the encroachments, and defendant failed to demonstrate that any reputable title insurer would insure the property as was required by the terms of the contract of sale (*see, Gundel v Grady*, 184 AD2d 548). Nor did any of the remaining evidence submitted by defendant raise an issue of fact precluding summary judgment. Accordingly, plaintiffs' motion should have been granted. Concur—Nardelli, J.P., Tom, Saxe, Sullivan and Friedman, JJ.