■ PATRICIA PISICCHIO SALAMONE et al., Respondents-Appellants, v KABA REALTY, LLC, et al., Appellants-Respondents. [846 NYS2d 586]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendants appeal from so much of a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated March 15, 2007, as, upon an order of the same court dated December 15, 2006, granting that branch of the plaintiffs' cross motion which was for summary judgment directing them to return the plaintiffs' down payment, is in favor of the plaintiffs and against them in the principal sum of $235,000, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same judgment as, upon, in effect, denying that branch of their cross motion which was for summary judgment awarding them damages in addition to the return of their down payment, awarded them no damages.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the plaintiffs' remaining claim for additional damages is severed.

Contrary to the defendants' contention, the clear terms of paragraphs 21 (b) (ii) and (c) of the contract of sale, as well as paragraph 28 (b) of the rider thereto, entitled the plaintiffs, on the facts presented, to cancel the contract and demand the return of their down payment (cf. *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Barrera v Chambers*, 38 AD3d 699 [2007]; *Kera v DeFilippo*, 290 AD2d 287 [2002]; *Costello v Casale*, 281 AD2d 581 [2001]). Thus, the plaintiffs established their prima facie entitlement to judgment as a matter of law on that branch of their cross motion which was for summary judgment directing the return of the down payment. In opposition, the defendants failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court properly, in effect, denied the other branch of the plaintiffs' cross motion, which was for summary judgment awarding them damages in addition to the return of their down payment, as the plaintiffs failed, through competent evidence, to establish their prima facie entitlement to judgment as a matter of law (see *Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

Accordingly, the plaintiffs' claim for additional damages is severed.

The parties' remaining contentions are without merit. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.