■ AD 1 GREAT NECK, LLC, Respondent, v COMMANDER OIL CORP. et al., Appellants. [916 NYS2d 629]—

In an action, inter alia, for the return of a down payment made pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), dated October 8, 2009, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff (hereinafter the buyer) entered into a contract of sale on April 23, 2007, with the defendants Commander Oil Corp. and AHJ Associates (hereinafter together the sellers) to purchase certain real properties located at 240 East Shore Road and 280 East Shore Road in Great Neck, New York. The properties had a long history of use as an oil storage facility. Paragraph 6 (C) of the contract of sale required the buyer to use diligent efforts to satisfy certain "Environmental Conditions," which included, inter alia, reaching "an agreement with the Department of Environmental Conservation of the State of New York . . . on a final remediation plan for the Property." Paragraph 4 (A) of the contract of sale provided that if the closing did not occur because the "Environmental Conditions" were not satisfied within the one-year period following the execution of the contract of sale, then either the buyer or the sellers may terminate the contract of sale by giving notice of such election to the other party.

The buyer made a prima facie showing of its entitlement to the return of its down payment pursuant to the terms of the contract of sale (see Hoft v Frenkel, 52 AD3d 779 [2008]; Salamone v Kaba Realty, LLC, 46 AD3d 659 [2007]). The buyer terminated the contract of sale because the "Environmental Conditions" were not satisfied within the one-year period following the execution of the contract of sale, in accordance with paragraph 4 (A). The buyer also demonstrated, prima facie, that it used diligent efforts to satisfy the "Environmental Conditions," in accordance with paragraph 6 (C) of the contract of sale. Furthermore, the sellers essentially acknowledged, in the written sellers' consent to disclosure of environmental information, signed by the sellers on April 2, 2008, that the "Environmental Conditions" could not be satisfied within the one-year period due to factors outside of the control of the buyer.

In opposition to the buyer's prima facie showing, the sellers failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.