OTTO GRUHN, Respondent, *v.* THEODORE C. EPPIG, Individually and as Executor, etc., of JOSEPH EPPIG, Deceased, Appellant.

Second Department, November 18, 1916.

Real property — vendor and purchaser — refusal of vendee to accept unmarketable title — encroachments existing at time set for conveyance — rights of vendee in action at law — pleading — answer — supplemental allegations showing that encroachments were subsequently removed — conclusions of fact — practice — pleading matter as counterclaim — effect of decree in favor of defendant in other action.

Where, at the day set for passing title to real estate, the vendor was unable to give a marketable title because certain buildings on the land encroached upon adjoining property not owned by him, the vendee on refusing title for this defect is entitled to succeed in an action at law to recover the earnest money paid and his expenses for examination of title.

*It seems,* that had the vendee sued in equity, a different rule might apply if the circumstances so required.

Such recovery by the vendee is not defeated because after the original answer the defendant served what he termed a "supplemental amended answer," in which he alleged as new matter that since the day set for passing title, he had removed the encroachments, and at the time of the trial can and does offer a good and marketable title, and especially so where there is nothing in the record to show that the defendant had

Second Department, November, 1916. [Vol. 175.

leave to serve a supplemental answer, and the pleading, whether considered as an amended answer or as a supplemental answer, merely contains conclusions of fact, not statements thereof sufficient to constitute either a defense or counterclaim.

Upon appeal the court will not consider statements in the briefs as to which the record itself is silent.

Where matter pleaded by defendant is not designated as a counterclaim, as required by the Code, it will be assumed to have been intended as a defense.

As the case at bar turns entirely upon the question of the sufficiency of the defendant's supplemental pleading, the court will not consider the fact that since judgment for the plaintiff, the defendant has succeeded in another suit brought in equity against the plaintiff for specific performance.

APPEAL by the defendant, Theodore C. Eppig, individually and as executor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of June, 1915, upon the verdict of a jury rendered by direction of the court.

*Meier Steinbrink*, for the appellant.

*Max Meyer*, for the respondent.

CARR, J.:

The plaintiff has a judgment against the defendant for damages arising from an alleged breach of a contract to convey certain real estate in the borough of Brooklyn, under which the plaintiff was the vendee and the defendant was the vendor. On the trial of this action before a jury, the court directed a verdict for the amount of the earnest money paid on the signing of the contract and the expenses of the plaintiff for examination of title. From the judgment entered upon the directed verdict the defendant appeals. The theory of the judgment and the court's direction of the verdict was that, on the day fixed for the closing of title, the defendant was unable to give a marketable title because certain buildings on the land described in the contract encroached some eleven inches upon an adjoining lot, which was not owned by the grantor. There had been several adjournments of the time for closing title as fixed in the contracts, *i. e.*, October 1, 1914, all of which were by mutual consent, and the last one of which was had to enable

the defendant to complete certain infancy proceedings which were deemed necessary for the purpose of giving good title. On January 26, 1915, the parties then came together to close the transaction. The plaintiff rejected the title tendered by the defendant on the ground of the encroachment above referred to. It was then mutually agreed that each party should be deemed to have made a tender of performance. Shortly thereafter the plaintiff brought this action at law to recover his damages for the defendant's alleged ·breach of contract. The complaint sets up a cause of action accordingly. The defendant answered, denying certain specified allegations of the complaint, and setting up new matter which he described as "a separate and affirmative defense." In this "defense" he admitted the contract of sale as alleged in the complaint, and alleged that " at all times after entering into the contract above mentioned [he] was ready and willing to fulfill his part thereof; " and that when the plaintiff, on the twenty-sixth day of January, " raised certain objections alleging that the title to the property in question was unmarketable," he, the defendant, "asked for a reasonable adjournment to examine into said objections and offered to give plaintiff a good and marketable title; " that the "plaintiff refused to consent to any adjournments," and that the " defendant is ready and willing to give to the plaintiff a good and marketable title." This answer demanded relief, that the complaint be dismissed, " and that the plaintiff be compelled by this Court to perform the contract specified in his complaint and fulfill all the terms thereof." Shortly after the service of the answer the defendant served another answer, which is described on its face as " a supplemental amended answer," and which states that the defendant "hereby reiterates and realleges all the allegations contained in the answer herein." It proceeds further and sets up as "a separate and affirmative further defense," new matter as follows: "He [defendant] alleges that he has complied with any objections that might have been raised by the plaintiff at the time of closing, and was then and is now in a position to offer and does offer the plaintiff a good and marketable title." Then he demanded relief that the complaint be dismissed, with costs. There is nothing in the record to show whether the

defendant had obtained leave, under section 544 of the Code of Civil Procedure, to serve a supplemental answer. It is stated in the respondent's brief that no leave of court had been obtained. In any event, the plaintiff accepted the paper, probably because he thought it was most advantageous to his client to do so, for if it was to be considered as an "amended answer," then it supplanted the original answer and its allegations consisted of mere conclusions of fact and not statements of fact, and constituted neither "a defense" nor matter sufficient for a "counterclaim." If, however, it was to be treated as a "supplemental answer," it was so meagre in form as to be a mere statement of conclusions, and added nothing to the force of the original answer. There is much said in the briefs as to the circumstances preceding the trial of the action, but this record is silent as to them and they cannot be considered here upon this appeal. When this case was reached for trial, it was conceded that the encroachment in question existed upon January 26, 1915, as it had many years before. In law, the plaintiff had the right to reject the title, as he then and there did. In equity, a different rule might apply as the circumstances might require. The defendant sought to prove that on January 26, 1915, when the plaintiff rejected the title on the ground of the encroachment, he (the defendant) asked for a "reasonable time" to remedy the objection, and that the plaintiff refused, and that thereafter he (the defendant) caused the encroachment to be removed and was at the time of the trial, and for some considerable time before it, ready, willing and able to give good title, and had tendered proper deeds accordingly to the plaintiff. The trial court refused to receive this evidence as not within the pleadings. If it was right as to the issues raised by the pleadings, there can be no question as to the correctness of the direction of the verdict. The last answer, if considered as an "amended answer," is insufficient on its face to set up an equitable defense. It does not purport to set up an equitable counterclaim. If it be considered as a supplemental answer only, then, taking it and the original answer together, a similar difficulty exists. The new matter is not so pleaded as to constitute either a defense or a counterclaim. It is not designated as a counterclaim as the Code requires it to be. (See

Code Civ. Proc. §§ 500-509.) It must be assumed to have been intended as a defense. If so, the matter is not pleaded with the particularity that is required even as to a defense. It seems that, after this judgment was rendered and this appeal taken, the defendant brought an action in equity against the plaintiff for a specific performance of the contract of sale, and obtained a judgment in his favor. The trial court in that case handed down an opinion (*Eppig* v. *Gruhn*, 94 Misc. Rep. 443). This court, however, is confined to the record now before us on appeal, and we cannot now consider, on this appeal, the merits of the controversy as they appeared in the action for specific performance. In the case at bar the whole question is one of sufficiency of pleading, as to which the trial court decided rightly under the circumstances appearing before him.

The judgment is affirmed, with costs.

CARR, STAPLETON, MILLS and RICH, JJ., concurred; JENKS, P. J., not voting.

Judgment affirmed, with costs.