■ Abdo H. Alkaifi, Respondent, v Celestial Church of Christ Calvary Parish, Appellant, et al., Defendant. [808 NYS2d 230]—

In an action to foreclose a mortgage, the defendant Celestial Church of Christ Calvary Parish appeals from an order of the Supreme Court, Queens County (Golar, J.), dated April 7, 2004, which denied its motion, inter alia, to vacate a judgment of foreclosure and sale dated June 5, 2000, in effect, to set aside the foreclosure sale conducted on February 8, 2002, and to vacate the referee's deed in foreclosure.

Ordered that the order is modified, on the law, and as a matter of discretion, by deleting the provisions thereof denying those branches of the appellant's motion which were, in effect, to set aside the foreclosure sale conducted on February 8, 2002, and to vacate the referee's deed in foreclosure; as so modified,

the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that pending the hearing and the new determination of those branches of the appellant's motion which were, in effect, to set aside the foreclosure sale conducted on February 8, 2002, and to vacate the referee's deed in foreclosure, all proceedings to evict the appellant from the subject property are stayed.

A court has the inherent equitable power to ensure that a sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (*Guardian Loan Co. v Early,* 47 NY2d 515, 520 [1979]; *see Wesson v Chapman,* 28 NYS 192 [1894]). Thus, a court, "in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (*Fleet Fin. v Gillerson,* 277 AD2d 279, 280 [2000]; *see Wayman v Zmyewski,* 218 AD2d 843 [1995]). After the judgment of foreclosure and sale dated June 5, 2000, the parties entered into a stipulation of settlement dated August 28, 2000. There is a dispute as to whether the appellant timely and sufficiently cured its default under the parties' stipulation of settlement by making payment to the plaintiff in a separate action to foreclose a tax lien on the subject property, and obtaining the discontinuance of that action. Issues of fact also exist as to whether the plaintiff's attorney provided the referee with misleading information concerning the status of the tax lien foreclosure action, and failed to inform the referee of the existence of the stipulation of settlement, in order to induce the referee to proceed with the sale. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to resolve these disputed factual issues, and a new determination as to whether there exists a basis to set aside the foreclosure sale and to vacate the referee's deed of foreclosure. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.