■ JOSE L. BARRERA et al., Appellants, v JOHN CHAMBERS, Respondent. [833 NYS2d 544]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Rosenwasser, J.), dated December 16, 2005, as denied those branches of their motion which were for summary judgment on the complaint and dismissing the defendant's counterclaim alleging breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's counterclaim alleging breach of contract are granted.

The plaintiffs entered into a contract to purchase residential real property from the defendant. Pursuant to the contract of

sale, the seller agreed to convey both marketable and insurable title to the real property. The subject real property is improved by a dwelling constructed in 1875. A survey of the subject property revealed that the front wall of the 1875 dwelling encroached 4.2 feet onto municipal property. The municipality declined to either sell any portion of the municipal property upon which the dwelling encroached, or to grant an irrevocable license to the defendant to use the municipal property.

The Court of Appeals has stated that the test of the marketability of a title "is whether there is an objection thereto such as would interfere with a sale or with the market value of the property . . . A marketable title is a title free from reasonable doubt, but not from every doubt . . . [A] purchaser ought not to be compelled to take property, the possession or title of which he may be obliged to defend by litigation. He should have a title that will enable him to hold his land free from probable claim by another, and one which, if he wishes to sell, would be reasonably free from any doubt which would interfere with its market value" (*Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571 [1993] [internal quotation marks and citations omitted]).

"The effect that encroachments on a street or highway have on the marketability of title depends in large part on whether it is judged that an owner has, or will continue to have, the right to maintain those encroaching elements or whether the government could compel their removal" (8-91 Warren's Weed, New York Real Property, Marketability of Title § 91.41).

The plaintiffs established their prima facie entitlement to summary judgment on the complaint and dismissing the defendant's counterclaim alleging breach of contract by demonstrating that the marketability of title was not free from reasonable doubt (*see Kera v DeFilippo*, 290 AD2d 287, 288 [2002]; *Hansen v Pattberg*, 212 App Div 49, 51 [1924]; *Gruhn v Eppig*, 175 App Div 787 [1916]). In order to counter the plaintiffs' showing, it was incumbent upon the defendant to raise a triable issue of fact that his title was marketable (*see Barasky v Huttner*, 210 AD2d 367 [1994]). The defendant failed to raise a triable issue of fact as to whether he was or is able to convey marketable title to the subject real property in accordance with the terms of the contract.

Therefore, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the complaint and dismissing the defendant's counterclaim alleging breach of contract. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.