GOLDEN AGE MORTGAGE CORPORATION, Respondent, v ARGONNE ENTERPRISES, LLC, et al., Appellants, et al., Defendants. [892 NYS2d 436]—

Pursuant to CPLR 2003, "[a]t any time within one year after a sale made pursuant to a judgment or order, but not thereafter, the court, upon such terms as may be just, may set the sale aside for a failure to comply with the requirements of the civil

practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (*see Guardian Loan Co. v Early*, 47 NY2d 515, 520 [1979]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 984 [2008]). Moreover, "[a] court has the inherent equitable power to ensure that a sale conducted pursuant to a judgment of foreclosure 'is not made the instrument of injustice' " (*Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476, 477 [2005], quoting *Guardian Loan Co. v Early*, 47 NY2d at 520). Nonetheless, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in declining to vacate a judgment of foreclosure and sale dated August 5, 2008, and in declining to vacate and set aside the foreclosure sales.

In light of our determination, we need not reach the plaintiff's remaining contention. Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.