■ MANUFACTURERS & TRADERS TRUST Co., Respondent, v LAWRENCE B. FOY et al., Respondent, et al., Defendants. MOHA-MAD KEZADRI et al., Nonparty Appellants. [914 NYS2d 185]—

In an action to foreclose a mortgage, nonparties Mohamad Kezadri and Keith Alfieri, the successful bidders at a judicial sale of the property foreclosed upon, appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated February 20, 2009, which denied their motion, in effect, to set aside the sale and direct the referee to return their deposit.

Ordered that the order is affirmed, with costs.

A court has the inherent equitable power to ensure that a sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (*Guardian Loan Co. v Early*, 47 NY2d 515, 520 [1979]; *see Golden Age Mtge. Corp. v Argonne Enters., LLC*, 68 AD3d 925 [2009]; *Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476 [2005]), and, in the exercise

of its equitable powers, it may set aside a foreclosure sale where "fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (*Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d at 477; *see Cicorelli v Hickey's Carting, Inc.*, 66 AD3d 626 [2009]; *Wayman v Zmyewski*, 218 AD2d 843, 844 [1995]).

Contrary to the appellants' contention, the delay in closing title after they successfully bid for the subject property at a September 2004 foreclosure sale does not provide an equitable basis for setting aside the subject sale and directing the referee to return their deposit. The appellants' conduct demonstrates that they acquiesced in delaying closing until the mortgagor Jeirlynn Foy's prior challenge to the validity of the sale was resolved. In this regard, we note that the appellants submitted papers in opposition to Jeirlynn Foy's March 2005 motion to vacate the sale, and thereafter submitted a brief in opposition to Jeirlynn Foy's appeal from the order which denied her motion (*see Manufacturers & Traders Trust Co. v Foy*, 43 AD3d 1005 [2007]). Moreover, the appellants raised no objection to the delay in closing until more than one year after the prior appeal had been decided, and all potential issues regarding the marketability of title had been resolved (*cf. Rice v Barrett*, 99 NY 403 [1885]). Furthermore, the appellants did not allege any conduct which cast suspicion on the fairness of the foreclosure sale (*cf. Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476 [2005]), or provides a basis for setting aside the sale in order to relieve them of oppressive or unfair conduct (*see Guardian Loan Co. v Early*, 47 NY2d at 520-521; *Golden Age Mtge. Corp. v Argonne Enters., LLC*, 68 AD3d 925 [2009]; *Harbor Fin. Mtge. Corp. v Hurry*, 277 AD2d 693 [2000]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.