■ BANK OF NEW YORK, Respondent, v MARGARITA SEGUI, Respondent, et al., Defendants. CHAIM STREICHER, Nonparty Appellant. [937 NYS2d 95]—

" 'A marketable title is a title free from reasonable doubt, but not from every doubt. . . . [A] purchaser ought not to be compelled to take property, the possession or title of which he [or she] may be obliged to defend by litigation. He [or she] should have a title that will enable him [or her] to hold his [or her] land free from probable claim by another, and one which, if he [or she] wishes to sell, would be reasonably free from any doubt which would interfere with its market value' " (*Barrera v Chambers*, 38 AD3d 699, 700 [2007], quoting *Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571 [1993]; *see Laba v*

*Carey,* 29 NY2d 302, 311 [1971]; *Cerf v Diener,* 210 NY 156, 161 [1914]; *Patten of N.Y. Corp. v Geoffrion,* 193 AD2d 1007, 1009 [1993]; *DeJong v Mandelbaum,* 122 AD2d 772, 774 [1986]). Moreover, "[s]omething more than a mere assertion of a right is essential to create an unmarketable or doubtful title" (*Nasha Holding Corp. v Ridge Bldg. Corp.,* 221 App Div 238, 243 [1927]; *see Argent Mtge. Co., LLC v Leveau,* 46 AD3d 727 [2007]).

Here, even accepting the appellant's unsubstantiated assertions regarding the subject property's decreased market value since an August 2005 foreclosure sale, at which he was the successful bidder, contrary to his contention, a property's decreased market value does not render title unmarketable (*cf. Laba v Carey,* 29 NY2d at 311; *Barrera v Chambers,* 38 AD3d at 700; *Patten of N.Y. Corp. v Geoffrion,* 193 AD2d at 1009; *DeJong v Mandelbaum,* 122 AD2d at 774). Moreover, under the circumstances, the mortgagor's numerous unsuccessful motions to vacate the judgment of foreclosure and sale pursuant to which the foreclosure sale was conducted do not constitute reasonable doubt sufficient to affect the marketability of title (*see Argent Mtge. Co., LLC v Leveau,* 46 AD3d 727 [2007]).

A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (*Guardian Loan Co. v Early,* 47 NY2d 515, 520 [1979]; *see Golden Age Mtge. Corp. v Argonne Enters., LLC,* 68 AD3d 925 [2009]; *Alkaifi v Celestial Church of Christ Calvary Parish,* 24 AD3d 476, 477 [2005]) and, therefore, may set aside a foreclosure sale where " 'fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale' " (*Alkaifi v Celestial Church of Christ Calvary Parish,* 24 AD3d at 477, quoting *Fleet Fin. v Gillerson,* 277 AD2d 279, 280 [2000]).

Contrary to the appellant's contention, the delay in closing title after his successful bid for the subject property at the August 2005 foreclosure sale does not provide an equitable basis to set aside the subject sale and direct the referee to return his deposit (*see Manufacturers & Traders Trust Co. v Foy,* 79 AD3d 825 [2010]). Further, the appellant's conduct demonstrates that he acquiesced in the delayed closing. While the appellant may not have anticipated the length of the delay, he does not dispute that he was aware when he bid on the subject property of the mortgagor's pending motion to vacate the judgment of foreclosure and sale, and he intervened in this action in 2007 (*id.* at 826). Moreover, the record does not indicate that the appellant attempted to close title after this Court affirmed the denial of the mortgagor's motion to vacate the judgment of foreclosure

and sale (*see Bank of N.Y. v Segui*, 42 AD3d 555 [2007]), or after this Court affirmed the denial of the mortgagor's motion to renew her motion to vacate the judgment of foreclosure and sale (*Bank of N.Y. v Segui*, 68 AD3d 908 [2009]; *see Manufacturers & Traders Trust Co. v Foy*, 79 AD3d at 826).

The appellant makes no allegation that the sale itself was tainted by fraud, collusion, mistake, or other misconduct (*see Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d at 477; *Fleet Fin. v Gillerson*, 277 AD2d at 280). Moreover, the fact that the appellant may now be overpaying for the property does not provide an equitable basis to void the sale (*see Guardian Loan Co. v Early*, 47 NY2d 515, 521 [1979]; *Manufacturers & Traders Trust Co. v Foy*, 79 AD3d 825 [2010]).

Accordingly, the Supreme Court properly denied the appellant's cross motion to set aside the foreclosure sale of the subject property and direct the referee to return his deposit. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.