DeJoseph, J.
(dissenting). I respectfully dissent. In my view, Supreme Court properly exercised its discretion in denying plaintiff’s motion to set aside the underlying foreclosure sale.
*1444 It is well established that “[a] court has the inherent equitable power to ensure that a sale conducted pursuant to a judgment of foreclosure ‘is not made the instrument of injustice’ ” (Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477 [2005]), and “a court of equity may set aside its own judicial sale upon grounds otherwise insufficient to confer an absolute legal right to a resale in order to relieve [a party] of oppressive or unfair conduct” (Guardian Loan Co. v Early, 47 NY2d 515, 520-521 [1979]). As the majority properly notes, however, this power “should be exercised sparingly and with great caution” (id. at 520).
The majority acknowledges that plaintiff’s failures have contributed to its current predicament, but ultimately concludes that, “under the circumstances of this case, the judicial sale has been made the instrument of injustice.” In my view, the majority has failed to explain how this sale, under these circumstances, has been made the instrument of injustice and, in any event, I cannot agree with that conclusion. As Supreme Court observed, plaintiff “failed to avail itself of the most basic step in preserving its claim, [namely,] maintaining a valid notice of pendency on the property,” and I cannot look past that failure. In addition thereto, plaintiff did not file the loan documents pursuant to Lien Law § 22 and did not seek a CPLR 5519 stay following entry of the order confirming the Referee’s report of sale. Lastly, while I acknowledge the inherent risks associated with doing so, plaintiff also failed to bid at the June 2012 foreclosure sale.
In my view, equity is available only to the “vigilant and not those who slumber on their rights” (Kansas v Colorado, 514 US 673, 687 [1995] [internal quotation marks omitted]). There is no dispute here that plaintiff had options to protect its interests. Plaintiff created this current predicament by its own disregard of basic real property practice. I am unwilling to engage in a balancing of the equities because I see no equities to weigh. I therefore would affirm.
Present — Scudder, P.J., Lindley, Valentino and DeJoseph, JJ.