OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
This case involves a foreclosure on a residential condominium located at 50 East Hartsdale Avenue, Unit LLG, Hartsdale, New York. The unit is not owner occupied and is subject to a two-year lease.
On October 24, 2014, the Referee M. David Lacher held a foreclosure sale for the subject premises. There were several bidders at the sale. The highest bid was $251,000 and the winning bidder was Michael Ryan. After the completion of the auction, the Referee and the successful bidder prepared and executed memorandum of sale and terms of sale documents. However, it was discovered that although the winning bidder had a bank check in the sum of $27,000 as required by the notice of sale it was made out to “M. David Larcher” instead of “M. David Lacher.” This problem arose because the Referee’s name had been misspelled in the published notice of foreclosure sale. At this point, only Ryan and another bidder, Louis Zazzarino, were present.
According to the Referee, when the issue regarding the bank check was discovered he called plaintiff seeking guidance, but did not receive any aid. Thereafter, Ryan and Zazzarino had a private conversation. Ryan then withdrew his bid and Zazzarino indicated to Lacher that his new bid was $197,300. It was the Referee’s opinion that Ryan and Zazzarino were now “working together.” Nevertheless, without having a new round of bidding, the Referee accepted Zazzarino’s bid.
Shortly thereafter, defendant Rajendran moved via order to show cause to vacate the foreclosure, vacate the judgment of foreclosure, and dismiss the case. In support of his motion to vacate, defendant submitted the affirmation of the Referee, who set forth what happened at the foreclosure sale. The *561 Referee, who was uncomfortable with how the public auction resolved, asked that the sale be set aside and that the property be re-listed for public auction. Referee Lacher stated that “[i]n retrospect, Deponent believes he should have pursued a different course of action at [the time of auction].”
The Referee further stated:
“Deponent did not want to prejudice the initial successful bidder, whose only mistake was an honest reliance on the misspelling of the Referee’s name in the judgment and notice of sale when he brought an official check that could not be altered and that deponent could not deposit into his Attorney Trust Account. Deponent now realizes that the best course of action would have been either to provide an opportunity for the successful bidder to procure a new check with the correct spelling of the referee’s name, or to cancel the first sale and have the judgment and notice of sale corrected.
“Deponent now realizes that Mr. Ryan had no reason to withdraw his successful bid except that Mr. Zazzarino and Mr. Ryan evidently colluded in some way to take advantage of the inability to complete the first and only competitive bid.”
On January 7, 2015, plaintiff and defendant Rajendran agreed to vacate the sale on the condition that upon resale the mortgage would be satisfied.
On January 8, 2015, Zazzarino submitted opposition to the order to show cause arguing that it was within the Referee’s discretion and judgment to decide to reauction the property when he learned that Ryan’s check could not be accepted. Zazzarino argues that he did not interfere with the sale or with the Referee’s decision to reject Ryan’s check. Zazzarino also notes that he had never met Ryan before the morning of the auction. Zazzarino further notes that defendant does not live at the subject condominium and that the sale is subject to a two-year written lease which has an option to renew.
In support of his opposition, Zazzarino submitted the affidavit of the successful bidder Ryan who states that he was not “working with” Zazzarino. Further, while he was the successful bidder and produced a check in compliance with the notice of sale, the Referee refused to accept his check. Ryan also states that in order to reauction the property, the Referee insisted that he withdraw his winning bid in writing.
*562 On March 30, 2015, this court granted defendant’s motion to vacate the October 24, 2014 foreclosure sale pursuant to a January 7, 2015 agreement between plaintiff and defendant Rajendran.
Third-party bidder Louis Zazzarino now moves to reargue the March 30, 2015 decision and order of this court on the ground the court did not expressly consider his opposition to defendant’s motion to vacate the foreclosure sale.
In opposition, defendant argues that both he, plaintiff, and the Referee agree that there was a mistake in the handling of the foreclosure sale. Therefore, it was appropriate for the court to grant his application to vacate the sale on the consent of the parties.
Neither the Referee nor the plaintiff submitted papers in response to Zazzarino’s motion.
Discussion
A motion to reargue is designed to give a party a chance to convince the court that relevant facts were overlooked or misapprehended or a controlling principle of law was misapplied and is addressed to the court’s reasonable discretion. Its purpose is not to permit a party to reargue once again the very questions the court has already decided. (See Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979], citing Fosdick v Town of Hempstead, 126 NY 651 [1891]; American Trading Co. v Fish, 87 Misc 2d 193 [Sup Ct, NY County 1975].)
Here, in its March 30, 2015 decision and order, the court did not directly address Zazzarino’s arguments. Therefore, the court grants reargument of the defendant’s order to show cause and upon reargument adheres to its original decision.
A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure “is not made the instrument of injustice” (Guardian Loan Co. v Early, 47 NY2d 515, 520 [1979]; see Golden Age Mtge. Corp. v Argonne Enters., LLC, 68 AD3d 925 [2d Dept 2009]; Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477 [2d Dept 2005]) and, therefore, may set aside a foreclosure sale where “ ‘fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale’ ” (Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d at 477, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280 [2d Dept 2000]). Moreover, RPAPL 231 (6) permits a court to set aside a foreclosure sale any time within one year after the sale upon such terms as may be just.
*563 RPAPL 231 (2) (a) details the requirements for conducting a foreclosure sale. The only requirements set forth in connection with the publication of notice of sale is “the time and place of sale” and “description of the property to be sold” (RPAPL 231 [2] [a]). Moreover, referees appointed to conduct judicial sales are vested with discretion to address unforeseen circumstances that may arise in the context of the sale (see Glenville & 110 Corp. v Tortora, 137 AD2d 654, 655 [2d Dept 1988]). However, a referee must retain limited flexibility, while still acting within the authority of the court as conferred in the judgment of foreclosure, to meet those unforeseen circumstances that might otherwise jeopardize the success of a foreclosure sale (see E. Q. C. Co. v Plainview Country Club, 23 AD2d 769 [2d Dept 1965]).
Notably, courts have held that denying a bidder a brief recess to obtain the proper form of payment constitutes an improvident exercise of the referee’s discretion (see United States Trust Co. v Simon, 228 AD2d 580, 580 [2d Dept 1996] [“The Supreme Court properly exercised its discretion in setting aside the foreclosure sale based on the Referee’s misunderstanding as to his authority to accept uncertified funds as a down payment”]; Glenville & 110 Corp. v Tortora, 137 AD2d at 655 [“By accepting an uncertified deposit check, after a short adjournment, with assurances of the buyer’s financial wherewithal, the Referee exercised his discretion to consummate the foreclosure sale so as to best protect the rights of the mortgagees while simultaneously ensuring a successful completion of the sale”]; Tapper Lake Natl. Bank v Chimney Rock, 32 AD2d 588, 588-589 [3d Dept 1969] [where the referee refused to accept a check with a guaranteed endorsement and further refused to permit the high bidder to make a “brief journey” to obtain $600 in cash, the court held that the referee’s actions were “arbitrary and unreasonable and ... an improvident exercise of discretion”]; see also Ulster Sav. Bank v Bash, 114 AD2d 500 [2d Dept 1985] [The referee’s refusal to sign high bidder’s out-of-state bank checks so that bidder could present cash payment cast aura of unfairness over conduct of sale so as to warrant setting it aside]).
Here, upon being the successful bidder Ryan presented the Referee with a bank check made out to M. David Larcher. The misspelling of the Referee’s name was due to the misspelling of the Referee’s name in the notice of sale and not due to any errors or wrongdoing of Ryan. Therefore, the Referee should have permitted Ryan a brief period of time to obtain a new bank *564 check with the proper spelling of his name. By his own admission, the Referee’s failure to do so was a mistake and an improper exercise of discretion.
Based on the foregoing, third-party bidder Louis Zazzarino’s motion to reargue this court’s March 30, 2015 decision and order is granted and upon reargument defendant Michael Rajendran’s motion is granted to the extend of vacating the October 24, 2014 sale and to permit Referee M. David Lacher to conduct a new public auction for the sale of the premises.