Northern Blvd Corona, LLC v Northern Blvd Prop., LLC (2018 NY Slip Op 00428)





Northern Blvd Corona, LLC v Northern Blvd Prop., LLC


2018 NY Slip Op 00428


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01317
2016-03124
 (Index No. 704265/13)

[*1]Northern Blvd Corona, LLC, plaintiff-respondent,
v
Northern Blvd Property, LLC, et al., appellants, et al., defendants; North Boulevard Property, LLC, et al., nonparty-respondents.


Holihan & Associates, PC, Richmond Hill, NY (Nazareth Markarian of counsel), for appellants.
Kriss & Feuerstein LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Tiffany L. Henry of counsel), for plaintiff-respondent.
Loeb & Loeb LLP, New York, NY (Jon Hollis, David M. Satnick, and Helen Gavaris of counsel), for nonparty-respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Northern Blvd Property, LLC, and Yourik Atakhanian appeal from (1) a deficiency judgment and order confirming a referee's report of sale (one paper) of the Supreme Court, Queens County (D. Hart, J.), entered January 12, 2016, upon their failure to answer the complaint, and (2) an order of the same court entered March 8, 2016, which denied their motion, inter alia, to vacate a referee's deed in foreclosure dated December 31, 2014.
ORDERED that the appeal from the deficiency judgment and order confirming the referee's report of sale is dismissed, as no appeal lies from an order or judgment entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order is affirmed, and it is further,
ORDERED that one bill of costs is awarded to respondents appearing separately and filing separate briefs.
A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520; see PII Sam, LLC v Koutsagelos, 119 AD3d 846; Golden Age Mtge. Corp. v Argonne Enters., LLC, 68 AD3d 925; 3-30 Bergman on New York Mortgage Foreclosures § 30.06) and, therefore, may set aside a foreclosure sale " where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280; see Bank of N.Y. v Segui, 91 AD3d 689). Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's [*2]conscience (see Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400). "[I]n most instances," the fair market value of a mortgaged property "will exceed the winning bid" on that property at a foreclosure sale (Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d at 407; see U.S. Bank N.A. v Testa, 140 AD3d 855).
Here, the appellants moved, inter alia, to vacate the referee's deed, arguing that it should be set aside because the defendant Yourik Atakhanian overheard the successful bidders conspiring to rig the bidding at the public auction. The appellants' evidence, however, was improperly submitted for the first time in reply to the plaintiff's opposition to their motion (see Constantine v Premier Cab Corp., 295 AD2d 303).
Contrary to the appellants' contention, the delay in closing title does not provide an equitable basis to set aside the sale (see Bank of N.Y. v Segui, 91 AD3d 689), and their conduct demonstrates that they contributed to the delay (see id. at 690-691).
Documentary evidence in the form of a letter of intent submitted by the appellants to support their claim that the property had a value of $15 million was likewise improperly submitted for the first time in their reply papers. The appellants failed to cast suspicion on the fairness of the sale (see PII Sam, LLC v Koutsagelos, 119 AD3d at 846), and the sale price of $10.3 million was not so inadequate as to shock the conscience of the court (see U.S. Bank N.A. v Testa, 140 AD3d at 857; Dime Sav. Bank of N.Y. v Zapala, 255 AD2d at 648).
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court