MNH SUB I, LLC v Foley (2025 NY Slip Op 01919)

MNH SUB I, LLC v Foley

2025 NY Slip Op 01919

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-07445
 (Index No. 61476/13)

[*1]MNH SUB I, LLC, respondent, 
v
Michele S. Foley, et al., appellants, et al., defendants.

Rodriguez-McCloskey PLLC, Brooklyn, NY (Yenisey Rodriguez-McCloskey of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Michele S. Foley and Paul J. Foley, Jr., appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated August 22, 2022. The order denied those defendants' motion, among other things, to set aside the sale of the subject property held on June 7, 2022.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff commenced this action against, among others, the defendants Michele S. Foley and Paul J. Foley, Jr. (hereinafter together the defendants), inter alia, to foreclose a mortgage on certain real property located in Bedford. In an order and judgment of foreclosure and sale dated August 15, 2016, the Supreme Court granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. On June 7, 2022, the property was sold at public auction for the sum of $1,250,000.
Thereafter, the defendants moved, inter alia, to set aside the sale of the property, contending that the terms of sale were inconsistent with the terms of the order and judgment of foreclosure and sale, resulting in bidder confusion and prejudice to the defendants. In an order dated August 22, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure "'is not made the instrument of injustice'" (Wilmington Sav. Fund Socy., FSB v Thomas, 226 AD3d 1064, 1066, quoting Guardian Loan Co. v Early, 47 NY2d 515, 520). Thus, a court may set aside a foreclosure sale "'where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (id. [internal quotation marks omitted], quoting Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477).
Here, the defendants failed to demonstrate a valid statutory, equitable, or jurisdictional ground to set aside the foreclosure sale (see id.). Contrary to the defendants' contention, the Supreme Court properly determined that there was no inconsistency between the [*2]terms of sale and the order and judgment of foreclosure and sale. Moreover, the defendants, who conceded that they had placed a bid at the foreclosure auction, failed to establish that they were prejudiced by any alleged defects with respect to the sale (see MTGLQ Invs., L.P. v Goddard, 203 AD3d 819, 820; Bankers Trust Co. of Cal., N.A. v Wen Zhou, 57 AD3d 294). Further, the sale price does not provide a basis to set aside the sale, since it was not so inadequate as to shock the conscience of the court (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 897; Bank of N.Y. v Sheik, 279 AD2d 440, 441).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the defendants' motion, inter alia, to set aside the sale of the property.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court