Nationstar Mtge., LLC v Lalman (2025 NY Slip Op 05689)

Nationstar Mtge., LLC v Lalman

2025 NY Slip Op 05689

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-11794
2024-03795
 (Index No. 18008/09)

[*1]Nationstar Mortgage, LLC, respondent,
v
Nigel Lalman, et al., defendants; Robert Ainehsazan, nonparty-appellant.

Law Offices of Alan J. Waintraub PLLC, Kew Gardens, NY, for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Jeremy D. Kaufman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Robert Ainehsazan appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 17, 2023, and (2) an order and judgment (one paper) of the same court dated January 30, 2024. The order granted the plaintiff's motion to deem nonparty Robert Ainehsazan, the successful bidder at a foreclosure sale of the subject property held on August 18, 2022, to be in default under a terms of sale executed on that date, to direct the referee to tender the deposit given by that nonparty to the plaintiff, and to permit the plaintiff to schedule a foreclosure sale, and denied that nonparty's cross-motion to compel the referee to return the deposit given pursuant to the terms of sale. The order and judgment granted the same relief to the plaintiff, deemed nonparty Robert Ainehsazan to be in default under the terms of sale, directed the referee to tender the deposit given by that nonparty, in the sum of $85,000, to the plaintiff, and directed that the plaintiff was permitted to schedule a foreclosure sale.
ORDERED that the appeal from so much of the order as granted the plaintiff's motion to deem nonparty Robert Ainehsazan to be in default under the terms of sale, to direct the referee to tender the deposit given by that nonparty to the plaintiff, and to permit the plaintiff to schedule a foreclosure sale is dismissed, as that portion of the order was superseded by the order and judgment; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff's predecessor in interest commenced this foreclosure action against the defendant Nigel Lalman (hereinafter the mortgagor), among others, which resulted in an order and judgment of foreclosure and sale. The mortgaged property was sold at a foreclosure sale held on August 18, 2022. Nonparty Robert Ainehsazan, on behalf of BH Fifth Avenue, LLC (hereinafter the [*2]purchaser), was the successful bidder. The purchaser executed a terms of sale and paid a deposit of 10% of the purchase price. The terms of sale made time of the essence as to the purchaser.
Prior to the scheduled closing date, the mortgagor moved, inter alia, to set aside the foreclosure sale, arguing, among other things, that the plaintiff had failed to provide proper notice of the sale. The mortgagor's motion was denied, inter alia, based on the fact that the mortgagor was in default and had not moved to vacate his default prior to filing the motion. During the pendency of the mortgagor's motion, the purchaser refused to close and sought the return of his deposit. The plaintiff moved to deem the purchaser to be in default under the terms of sale, to direct the referee to tender the deposit given by the purchaser to the plaintiff, and to permit the plaintiff to schedule a foreclosure sale. The purchaser cross-moved to compel the referee to return the deposit given pursuant to the terms of sale. In an order dated August 17, 2023, the Supreme Court granted the plaintiff's motion and denied the purchaser's cross-motion. In an order and judgment dated January 30, 2024, the court granted the same relief to the plaintiff, deemed the purchaser to be in default under the terms of sale, directed the referee to tender the deposit given by the purchaser, in the sum of $85,000, to the plaintiff, and directed that the plaintiff was permitted to schedule a foreclosure sale. The purchaser appeals.
Contrary to the plaintiff's contention, under the circumstances presented, the purchaser's status as a nonparty did not preclude him from seeking relief in this action (see SRP 2012-4, LLC v Darkwah, 198 AD3d 938, 938-939; cf. Deutsche Bank Natl. Trust Co. v Kornblum, 240 AD3d 473, 474). Contrary to the purchaser's contention, the mortgagor's pending motion did not create a cloud on title that excused the purchaser's obligation to close. "'A marketable title is a title free from reasonable doubt, but not from every doubt'" (DiTech Fin., LLC v Steplight, 206 AD3d 698, 699, quoting Bank of N.Y. v Segui, 91 AD3d 689, 689). Here, the mortgagor's actions did not render title unmarketable (see id.). Therefore, the Supreme Court properly granted the plaintiff's motion to deem the purchaser to be in default under the terms of sale, to direct the referee to tender the deposit given by the purchaser to the plaintiff, and to permit the plaintiff to schedule a foreclosure sale, and denied the purchaser's cross-motion to compel the referee to return the deposit given pursuant to the terms of sale.
The purchaser's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court